# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JOHNNY RENDALE SIMS**                                                            **PLAINTIFF**

**VERSUS**                             **CIVIL ACTION NO. 2:09-cv-181-KS-MTP**

**HENRY MCCULLOM**                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

On September 3, 2009, the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On January 19, 2010, an order [12] was entered directing Plaintiff to file a written response on or before February 9, 2010. The Plaintiff was warned in this Court's order [12] of January 19, 2010, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. Plaintiff failed to comply with this Court's order [12].

In an order [14] entered March 2, 2010, Plaintiff was directed to show cause why this case should not be dismissed for his failure to comply with this Court's order [12] of January 19, 2010. Additionally, Plaintiff was directed to comply with the January 19, 2010 order [12], on or before March 23, 2010. Plaintiff was warned in the show cause order [14] that failure to advise this Court of a change of address or failure to timely comply with any order of this Court would lead to the dismissal of his complaint. Plaintiff failed to comply with the show cause order [14].

On April 12, 2010, this Court entered a second order [15] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [12 & 14] of January 19, 2010 and March 2, 2010. In addition, Plaintiff was directed

to comply with the January 19, 2010 order [12] on or before May 3, 2010.  The Plaintiff was warned in this Court's order [15] of April 12, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed.  Plaintiff failed to comply with this order [15].

Plaintiff has failed to comply with three Court orders and has not contacted this Court since January 6, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.,* 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be

dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

      SO ORDERED, this the 27th day of May, 2010.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE